```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
GALE WEBB-BROWN               :        CIVIL ACTION
                              :
         v.                   :
                              :
WACKENHUT CORPORATION         :
et al.                        :        NO. 05-4751
```

MEMORANDUM

Bartle, C.J.                                      June 28, 2006

       Before the court is the motion of defendants Wackenhut Corporation and Daniel Levy to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

       In her amended complaint, pro se plaintiff Gale Webb-Brown alleges that during the fall of 2003, while working for Wackenhut Corporation ("Wackenhut"), a national security services company, Wackenhut and several of its employees discriminated against her. Plaintiff claims in her home-drawn complaint and amended complaint that "Sgt. Davis" ("Davis"), a Wackenhut employee, repeatedly called her and other employees "black bitches," and that he touched her and other female employees "inappropriately."[1] Plaintiff states that Wackenhut conducted an internal investigation of Davis and his supervisor, "Captain Cannon" ("Cannon"), and fired them. Plaintiff further alleges

---

1. Plaintiff's EEOC charge describes in greater detail that "[Davis] used to touch my hips, and my upper body."

that "Sgt. Levy" ("Levy"),[2] her supervisor, changed her schedule in retaliation for reporting Davis, and that Susan Journo ("Journo"), a project manager, fired plaintiff because she went above Journo to complain about Davis.

On June 18, 2004, plaintiff filed an employment discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  Upon receiving a letter from the EEOC informing her of her right to sue, plaintiff instituted this action.

Service was effected on Levy and Wackenhut but "Sgt. Davis" was unknown to Wackenhut.  Because Journo and Cannon are no longer employed by Wackenhut and their whereabouts were unknown, they were not served.  In her amended complaint, plaintiff identifies several other Wackenhut employees and she describes their involvement in the case, but she does not add them as additional defendants.[3]

In evaluating a motion to dismiss we are required to accept all well-pleaded allegations in the amended complaint as true and to draw all reasonable inferences in favor of the non-moving party.  Hishon v. King & Spalding, 467 U.S. 69, 73

---

2. We assume without deciding the accuracy of defendants' belief that "Sgt. Levy" is Daniel Levy.

3. The other named employees include: "Sgt. Ludd," who plaintiff says was present when Davis called her a bitch and who "spoke up against the racism"; William O'Neil, a manager to whom plaintiff complained about Davis; and Stanley Kolmetsky, a chief supervisor who fired plaintiff under Journo's direction.

(1984); Rocks v. Phila., 868 F.2d 644, 645 (3d Cir. 1989).  A claim should be dismissed only where "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).  Because Webb-Brown is a pro se plaintiff, we construe her pleadings liberally and "apply the applicable law, irrespective of whether [she] has mentioned it by name."  Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

As we understand plaintiff's allegations, she asserts employment discrimination claims against Wackenhut Corporation and against Davis, Levy, Journo, and Cannon as individuals.  Liberally construed, plaintiff's allegations are most appropriately considered as violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.  Although only defendants Wackenhut and Levy filed a motion to dismiss, we have authority to dismiss any claim of a pro se plaintiff proceeding in forma pauperis for failure to state a claim on which relief may be granted.  See 28 U.S.C. § 1915(e)(2).

Defendants first argue that plaintiff cannot state an employment discrimination claim against the individual defendants under Title VII.  We agree.  Our Court of Appeals and the "the clear majority of the courts of appeals ... have held that individual employees cannot be held liable under Title VII."

Sheridan v. E.I. duPont de Nemours & Co., 100 F.3d 1061, 1077 (3d Cir. 1996).  We therefore dismiss plaintiff's Title VII claims against defendants Davis, Levy, Journo, and Cannon.

Next, defendants argue that plaintiff's claims pursuant to the PHRA should be dismissed for failure to exhaust administrative remedies.  Before filing a court action for employment discrimination under the PHRA, a complainant must file a charge with the PHRC within one hundred eighty days of the alleged violation.  43 Pa. Cons. Stat. Ann. § 959(h).  "The Pennsylvania courts have strictly interpreted this requirement."  Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).

One hundred eighty days after the latest possible alleged violation on November 13, 2003 would have been May 11, 2004.  Plaintiff did not file her charge with the PHRC until June 18, 2004.  We do not know whether the PHRC responded to plaintiff's charge, but regardless, the Pennsylvania Supreme Court has said that "one who files a complaint with the Commission that is later found to be untimely cannot be considered to have used the administrative procedures provided in the Act."  Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992).  Therefore, we must dismiss plaintiff's claims under the PHRA against all five defendants for failure to exhaust administrative remedies.

Defendants also argue that plaintiff failed to exhaust her administrative remedies under Title VII because "a race based claim of discrimination could not reasonably be 'expected to grow

out of [Plaintiff's] Original [EEOC] Charge.'"  We find this suggestion unpersuasive.  As defendants themselves state, plaintiff checked the box for discrimination based on race in her EEOC charge.  Plaintiff also indicated the race of each person in parentheses after his or her name.  This further alerted defendants to the race-based nature of plaintiff's claims.

Defendants argue that even if plaintiff exhausted her administrative remedies, she states no cognizable claim under Title VII.  The Supreme Court, however, recently cautioned that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits" and that "an employment discrimination plaintiff need not plead a prima facie case of discrimination."  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002).  Rule 8 of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim.  Plaintiff states that Davis repeatedly called her and other female employees "black bitches" and that he harassed her by touching her "inappropriately."  Plaintiff's amended complaint is sufficient to allow her to proceed.

Finally, defendants argue that plaintiff's claims should be dismissed because she failed to comply with this court's deadline for filing her amended complaint.  While plaintiff, who is acting pro se, was three days late in filing her amended complaint, we do not find it to be in the interest of justice to grant the drastic relief sought by defendants.

Accordingly, we will grant in part and deny in part the motion of defendants to dismiss.  We will dismiss plaintiff's claims against Davis, Levy, Journo and Cannon as individuals, as well as plaintiff's claims under the PHRA but will otherwise deny the motion.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GALE WEBB-BROWN                  :       CIVIL ACTION
                                 :
           v.                    :
                                 :
WACKENHUT CORPORATION            :
et al.                           :       NO. 05-4751
```

ORDER

      AND NOW, this 28th day of June, 2006, it is hereby ORDERED that:

      (1)  the motion to dismiss plaintiff's amended complaint as to defendants Sgt. Davis, Sgt. Daniel Levy, Susan Journo, and Capt. Cannon is GRANTED;

      (2)  the motion to dismiss plaintiff's claims under the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., is GRANTED; and

      (3)  the motion of defendants to dismiss is otherwise DENIED.

                                  BY THE COURT:

                                  /s/ Harvey Bartle III
                                                          C.J.